UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE


| BILLY R. McCOY | ) | |
|---|---|---|
| | ) | |
| v. | ) | NO. 2:11-CV-178 |
| | ) | |
| STONEBRIDGE LIFE INSURANCE COMPANY | ) ) | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is the motion of Stonebridge Life Insurance Company ("Stonebridge") to dismiss plaintiff's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), [Doc. 18]. Plaintiff has responded to the motion, [Doc. 23], and Stonebridge has replied, [Doc. 24]. For the reasons which follow, Stonebridge's motion to dismiss the plaintiff's breach of contract claim will be DENIED.[1]

### I. Relevant Facts

Stonebridge issued a policy of life insurance to plaintiff under certificate number 74A05T9696 with an effective date of August 26, 2009. Plaintiff's wife, Betsy A. McCoy, was an insured under the terms of the policy. On or about September 15, 2009, Betsy A. McCoy was involved in an automobile accident while being transported from Johnson County Community Hospital to Sycamore Shoals Hospital via an ambulance operated by the Johnson County Emergency

---

[1] The amended complaint alleges causes of action for breach of contract, bad faith, and violation of the Tennessee Consumer Protection Act. By a previous order, the Court has granted summary judgment to Stonebridge on the bad faith and Tennessee Consumer Protection Act claims. This order, therefore, addresses only the remaining breach of contract claim.

Medical Service and she subsequently passed away. Plaintiff then made a claim upon Stonebridge for payment of benefits under the policy. Under Part I of the policy, the payable benefit was $500,000.00; under Part II of the policy the death benefit was $100,000.00. Stonebridge paid the claim under Part II of the policy but denied the claim under Part I of the policy. Plaintiff alleges that Stonebridge has breached the contract of insurance by failing to pay the death benefit under Part 1 of the policy.

## II. Applicable Legal Standard

Dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) eliminates a pleading or portion thereof that fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Moreover, Federal Rule of Civil Procedure 8(a)(2) requires the complaint to contain a "short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion to dismiss under Rule 12(b)(6) requires the Court to construe the allegations in the complaint in the light most favorable to the plaintiff and accept all the complaint's factual allegations as true. *Meador v. Cabinet for Human Res.*, 902 F.2d 474, 475 (6th Cir. 1990). The Court may not grant a motion to dismiss based upon a disbelief of a complaint's factual allegations. *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990). The Court must liberally construe the complaint in favor of the party opposing the motion. *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995).

However, the plaintiffs must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and to "state a claim to relief that is plausible on its face," *id*. at 570; *see also Ashcroft v. Iqbal*, – U.S. –, 129 S.Ct. 1937, 1949-50 (2009). "A claim has facial plausibility when the plaintiff

2

Case 2:11-cv-00178-JRG-DHI   Document 40   Filed 09/28/12   Page 2 of 4   PageID #: 303

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S.Ct. at 1949. Moreover, this Court need not "'accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see also Ashcroft*, 129 S.Ct. at 1949. Lastly, this Court may consider documents central to the plaintiffs' claims to which the complaint refers and incorporates as exhibits. *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001).

### III. Analysis

Stonebridge's allegation in the motion is simple and straightforward. Stonebridge alleges that plaintiff has not alleged sufficient facts under the pleading standard set by *Twombly* and *Iqbal* to state a plausible claim for relief on his breach of contract claim. Plaintiff, of course, disagrees.

As noted above, the complaint must contain either direct or inferential factual allegations with respect to all material elements of the claim. Under Tennessee law, the essential elements of a breach of contract claim are: "(1) the existence of an enforceable contract, (2) nonperformance amounting to a breach of the contract, and (3) damages caused by the breach of the contract." *In re Estate of Beazley*, 2012 WL 3025176 (Tenn. Ct. App. July 24, 2012) (quoting *ARC LifeMed, Inc. v. AMC-Tennessee, Inc.*, 183 S.W.3d 1, 26 (Tenn. Ct. App. 2005) (citing *Custom Built Homes v. G.S. Hinsen Co., Inc.*, 1998 WL 960287 (Tenn. Ct. App. Feb. 2, 2998)).

Stonebridge appears to seek to hold plaintiff to a pleading standard which would require him to plead all facts which would potentially entitle him to relief on his breach of contract claim. The *Twombly/Iqbal* standard is a pleading standard, not a proof standard, and the Court agrees with plaintiff that he has pleaded sufficient facts to state a plausible claim for relief for breach of contract. Whether he could survive a motion for summary judgment on the issue or succeed at trial as to any

3

disputed factual matters is not at issue with this motion.

## IV. Conclusion

For these reasons, the motion is DENIED.

So ordered.

ENTER:

>s/J. RONNIE GREER
>UNITED STATES DISTRICT JUDGE

4